# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br>v.<br>MARK A. WIMBLEY,<br>Respondent.<br>_____/ | Case No. 1:18-CV-000212-AWI-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO PERMIT ALTERNATE PROCESS SERVICE**<br><br>(Doc. 6) |

## INTRODUCTION

Before the Court is a Notice and Motion to Permit Alternate Process Service filed by Petitioner United States of America (the "Government"), requesting the Court's permission to serve process upon Respondent Mark A. Wimbley ("Respondent") by means other than those allowed by Fed. R. Civ. P. 4(e). (Doc. 6.) For the reasons set forth below, Respondent's Motion is DENIED without prejudice.

## BACKGROUND

On May 24, 2017, the Internal Revenue Service ("IRS") issued a summons to Respondent directing him to appear before a Revenue Officer on June 13, 2017. (Doc. 1 ¶ 6.) On June 1, 2017, the Revenue Officer left an attested copy of the summons at 401 Beals Drive, Atwater, CA 95301—purportedly Respondent's last and usual place of abode. (Doc. 1 ¶ 7.) Respondent did

not comply with the summons and failed to appear on June 13, 2017, or otherwise respond to the summons by phone or in writing. (Doc. 1, ¶ 8.) On February 9, 2018, the Government filed a petition seeking a court order directing Respondent to show cause why he should not be compelled to comply with and obey the summons. (Doc. 1.)

On February 14, 2018, pursuant to the Government's request, the Court ordered Respondent to appear on April 25, 2018, and show cause why he should not be compelled to obey the IRS summons issued on May 24, 2017. (Doc. 4.) The Court required that the Order to Show Cause ("OSC"), along with other relevant documents, be served on Respondent pursuant Federal Rule of Civil Procedure 4 ("Rule 4"). (Doc. 4, ¶ 3.) The Government was unable to serve the OSC and other documents on Respondent pursuant to Rule 4 and requested a continuance of the OSC hearing to accomplish service of the Court's Order. (Docs. 5, 6.) The Court granted the Government's request and reset the OSC hearing for May 2, 2018. (Doc. 7.)

The Government indicates that it has made the following attempts to serve Respondent. On March 1, 2018, the Revenue Officer "drove the hour from her Fresno duty station to Respondent's last known address in Atwater to personally serve him," and encountered an elderly woman at the door. (Doc. 6 at 2.) The woman refused to open the security screen and shut the door on the Revenue Officer. (*Id.*) On March 5, 2018, the Revenue Officer spoke with Respondent's representative, and the representative agreed to arrange a meeting with Respondent. (*Id.*) However, the representative subsequently informed the Revenue Officer that she no longer represented Respondent, and the meeting was never arranged. (*Id.*) On March 8, 2018, the Revenue Officer again drove an hour from Fresno to Atwater to contact and personally serve Respondent, and again encountered the elderly woman but this time in the drive way. (*Id.*) The woman refused to exit her car and eventually drove away. (*Id.* at 2-3.) The Revenue Officer has since received notification that Respondent has a new representative, and the Government indicates that the Revenue Officer "will ask the new representative to set up a meeting between the taxpayer to try to resolve this matter and to advise them of this motion and the new Order to Show Cause hearing." (*Id.* at 3.)

//

2

| | |
|---|---|
| 1 | On March 22, 2018, the Government filed the instant Motion to Permit Alternate Process |
| 2 | Service because all attempts at service upon Respondent at his residence pursuant to Rule 4 were |
| 3 | unsuccessful.  (Doc. 6.) |

**DISCUSSION**

The Government moves the Court to permit alternate process service by the following proposed method: "[The] Revenue Officer . . . will again drive from Fresno to Atwater to attempt service at the Respondent's last known residence [] in Atwater.  If personal service is again not possible, Revenue Officer . . . will attach to the front door a sealed envelope containing the Continuance of the Order to Show Cause Hearing, the original Order to Show Cause, the Petition, and the Points and Authorities and this motion for alternate service.  The U.S. Attorney's Office will also send copies of those papers to Respondent's last known address in Atwater by (1) regular U.S. Mail and (2) Certified Mail Return Receipt Requested."  (Doc. 6 at 2.)

**A.** **Legal Standard**

Under Federal Rule of Civil Procedure 4(e)(1), service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  The goal of Rule 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process."  *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted).  Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

While the Federal Rules "have an application to a summons proceeding," they "are not inflexible." *U.S. v. Donaldson*, 400 U.S. 517, 528–29 (1971). A district court "may limit their application in a proceeding to enforce a summons, which is intended to be a summary proceeding, so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." *U.S. v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson*, 400 U.S. at 529).

Federal Rule of Civil Procedure 81(a)(5) gives district courts the discretion in subpoena enforcement proceedings "to tailor the Federal Rules to the particular need and purposes of the proceeding." *U.S. v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). Courts have held that Rule 81 provides the Court the authority to allow a less formal service of process than that required under Rule 4. *FTC v. Carter*, 636 F.2d 781, 791 (D.C. Cir. 1980). Rule 81(a)(5) "make[s] application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court." *U.S. v. S.E. First Nat'l Bank of Miami Springs*, 655 F.2d 661, 663 (5th Cir. 1981). "Although the court may resort to the rules whenever it deems them helpful, it need not apply the rules when to do so may conflict with the summary determination desired." *Id.* (quotation and citation omitted).

**B.     Analysis**

The OSC issued by the Court on February 14, 2018, provides as follows:

> To afford Respondent an opportunity to respond to the petition and Petitioner an opportunity to reply, a copy of this order, the Petition and its Exhibit, and the Points and Authorities, shall be served by delivering a copy to Respondent personally, or by leaving a copy at Respondent's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by any other means of service permitted by Fed. R. Civ. P. 4(e), at least 30 days before the show cause hearing date including any continued date, unless such service cannot be made despite reasonable efforts.

(Doc. 4, ¶ 3.) Paragraph 5 elaborates:

> If the federal employee assigned to serve these documents is not reasonably able to serve the papers as provided in paragraph 3, Petitioner may request a court order granting leave to serve by other means. *See* Fed. R. Civ. P. 81(a)(5). The request shall detail the efforts made to serve Respondent.

4

(Doc. 4, ¶ 5.)

After the Court issued the OSC, the Revenue Officer attempted to serve Respondent personally at his residence on March 1, 2018, and March 8, 2018, both times encountering an occupant of the residence who apparently wanted to avoid service. (Doc. 6 at 2-3.) The Revenue Officer also contacted the Respondent's representative to arrange a meeting, but because the representative no longer represented Respondent, the meeting never took place. (*Id.*)

The Government has not demonstrated at this time that it has diligently attempted to serve Respondent pursuant to Rule 4(e). To date, the Revenue Officer has attempted to effect personal service upon Respondent at his residence only twice, and the Government does not indicate that it left the documents or any other type of notification at Respondent's residence on either of those occasions. *See Mullane*, 339 U.S. at 314 (Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *cf.*, *e.g.*, *U.S. v. Jerkovich*, 1:17-cv-01144-DAD-SKO, 2017 WL 6371465, at *2-3 (E.D. Cal. Nov. 8, 2017) (granting motion for alternate service where the respondent was contacted twice by phone, six attempts at personal service were made, and service by mail was made); *U.S. v. Franks*, No. 1:14-cv-00259-LJO-SKO, 2014 WL 3615567, at *3-4 (E.D. Cal. Jul. 21, 2014) (granting motion for alternate service of process where at least seven attempts at personal service were made, in addition to service by mail). The Government states that it plans to attempt personal service once more and, if unable to effect personally serve at that time, it will affix to the door a sealed envelope containing the court documents in this matter. Yet, the Government has not, at this time, taken such further action to effect service. Nor does the Government indicate that it has mailed process to Respondent.

Further, the Government indicates that the Revenue Officer has communicated with Respondent's former representative only once. The Government states that it intends to ask Respondent's new representative to set up a meeting with Respondent, but the Government has not yet done this. The efforts undertaken to date do not satisfy Rule 4's service requirements. In other words, the Government's Motion is premature.

//

5

For the reasons set forth above, the Government's Motion for Alternate Process Service is DENIED without prejudice, subject to renewal upon the further service attempts that the Government indicates it will undertake.

To comply with Local Rule 230, the Government must serve a copy of the OSC upon Respondent, including notice of the new OSC hearing date, at least 28 days in advance of the hearing. *See* Local Rule 230.

## **CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion is DENIED without prejudice, subject to renewal upon a showing of diligence;

(2) The Order to Show Cause Hearing remains SET for May 2, 2018, at 9:30 a.m. in Courtroom 7;

(3) Within two (2) days of this Order, Petitioner shall serve Respondent by mail with the following documents:

    a. A copy of the original Order to Show Cause issued on February 14, 2018 (Doc. 4);

    b. A notice of the new May 2, 2018, Order to Show Cause hearing date;

    c. A copy of this Order;

    d. The Petition, its Exhibits, and supporting Points and Authorities (Doc. 1); and

(4) A Certificate of Service establishing service of these documents shall be filed by Petitioner no later than March 30, 2018.

IT IS SO ORDERED.

Dated: **March 23, 2018**  /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE